UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TODD WALLACE and CORINNA WALLACE, | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) No. 3-11-00810 |
| | ) JUDGE HAYNES |
| OCWEN LOAN SERVICING, LLC., | ) |
| Defendant. | ) |

## ORDER

Plaintiffs, Todd Wallace and Corrina Wallace, Tennessee citizens, originally filed this action in the Circuit Court of Stewart County, Tennessee against the Defendant, Ocwen Loan Servicing, LLC, a Delaware corporation, with its principal place of business in Florida. Plaintiffs assert claims for breach of contract, negligence, violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 et seq., and fraud. Plaintiffs seek "compensatory and punitive damages from the Defendant in an amount not to exceed $74,000." (Docket Entry No. 1, Exhibit A at 6). The Defendant removed the action to this Court under 28 U.S.C. § 1332, the federal diversity statute.

Before the Court is Plaintiffs' motion for remand (Docket Entry No. 5), contending that their claims are based solely on state law and that they expressly seek an amount of damages not to exceed $74,000.00. In response, Defendant contends that removal is based upon diversity jurisdiction and Plaintiffs' claims for compensatory and punitive damages as well as the availability of treble damages and attorneys' fees under the TCPA create a controversy that exceeds $75,000.

"A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement." Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006). As a general rule, the sum alleged in the complaint controls, but where the plaintiff seeks "'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." Id. (quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir.1993)). The Sixth Circuit has stated that "the plaintiff's claim of damages does not require an absolute certainty of recovery; rather, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." Farrington v. Cox, No. 3:07-CV-220, 2007 WL 2138631, at *2 (E.D. Tenn. July 23, 2007) (citing Worthams v. Atlanta Life Ins. Co., 533 F.2d 994, 997-98 (6th Cir.1976)).

In Rosen v. Chrysler Corp., 205 F.3d 918 (6th Cir. 2000), the complaint sought contract damages, as well as treble damages and attorneys' fees under New Jersey's consumer fraud act. Id. at 922 (noting that once a plaintiff proves an unlawful practice under the New Jersey Consumer Fraud Act, treble damages are required). The Sixth Circuit held that the district court erred when it "neglected to consider the possibility of treble damages" in determining the amount in controversy requirement. Id.

Yet, "attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." Howell v. Aramark Management Services, No. 3:08-0667, 2008 WL 2951104, at *1 (M.D. Tenn. July 28, 2008) (citing Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007)). Thus, the Court considers only jurisdiction if a statute authorizes attorney

fees. Id. Here, the TCPA provides for attorney's fees, as well as treble damages. Tenn. Code Ann. § 47-18-109(e)(1), (a)(3); see Hardcastle v. Harris, 170 S.W.3d 67, 90-91 (Tenn. Ct. App. 2004) ("Tennessee's courts have . . . upheld an award for attorney's fees under the Tennessee Consumer Protection Act even though the consumer did not include a specific request for attorney's fees in his complaint. The court reasoned that the consumer protection claim by itself put the defendant on notice that it could be required to pay the consumer's attorney's fees because attorney's fees were, by statute, an element of damages in the consumer protection case."). Moreover, "[i]n calculating the amount in controversy, compensatory and punitive damages claimed by plaintiff are included, as are any statutory penalties and statutory attorney's fees sought by a plaintiff." Farrington, 2007 WL 2138631, at *2 (citing Hahn v. Auto-Owners Ins. Group, No. 3:04-cv-380, 2006 WL 2796479, at *1 (E.D. Tenn. Sept. 27, 2006) ( citing Wood v. Stark Tri-County Bldg. Trades Council, 473 F.2d 272, 274 (6th Cir. 1973) and Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir.1975)).

Although Plaintiffs do not specifically assert that they are seeking treble damages and attorney's fees, based upon the cited authorities, the Court concludes that Defendant has satisfied its burden that the amount in controversy more likely than not exceeds $75,000 and Defendant's removal was proper. Accordingly, Plaintiffs' motion for remand (Docket Entry No. 5) is **DENIED**.

It is so **ORDERED**.

ENTERED this the 16th day of October, 2011.

WILLIAM J. HAYNES, JR
United States District Judge